

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD WHITE,

                    Plaintiff,

    -against-

COMMISSIONER DORA B. SCHRIRO; CITY OF NEW YORK,

                    Defendants.

MEMORANDUM DECISION
AND ORDER
11 Civ. 5285 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff, Donald White, an inmate of the New York City Department of Correction (DOC), commenced this action pursuant to 42 U.S.C. § 1983 against the commissioner of the DOC, Dora B. Schriro, and the City of New York alleging inadequate prison conditions in the Central Putative Segregation Unit ("CPSU") of the Otis Bantum Correctional Center ("OBCC"). Plaintiff alleges certain unsanitary conditions at the facility and other inadequate conditions of his confinement in the CPSU. Compl. 2.

    Defendants moved to dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) on the ground that Plaintiff made false statements in his request to proceed in forma pauperis.[1] Defendants also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on the grounds that: (1) Plaintiff failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1997e(a); (2) Plaintiff failed to allege the personal involvement of Defendant Commissioner Dora B. Schriro;

---

[1] In their objections to Magistrate Judge Dollinger's Report and Recommendation, Defendants withdrew their motion to dismiss based on § 1915(e)(2).

1

and (3) Plaintiff failed to allege that his unconstitutional prison conditions are the result of a custom or policy of the City of New York. Plaintiff did not oppose the motions.

This Court referred the matter to Magistrate Judge Michael H. Dollinger for his Report and Recommendation ("Report"). Judge Dollinger issued a Report recommending that this Court grant Defendants' 12(b)(6) motion to dismiss all claims against both defendants because Plaintiff failed to allege the personal involvement of Commissioner Schriro and a city policy or practice that caused the deprivation of Plaintiff's rights.[2]

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the

---

[2] Magistrate Judge Dollinger did not recommend dismissal on the grounds that Plaintiff made false statements in his in forma pauperis application or for failure to exhaust administrative remedies. The Magistrate Judge concluded that "it is not clear from the face of the complaint that plaintiff failed to exhaust or that no exception to the exhaustion requirement applies." However, there is no evidence that Plaintiff exhausted the available administrative remedies. In his Report, Judge Dollinger recommended this Court grant Plaintiff leave to amend within thirty days after dismissal. This Court will allow plaintiff an opportunity to amend the complaint to the extent that he can demonstrate that such an amendment would not be futile. This would require additional facts that: (1) demonstrate the personal involvement of Commissioner Schriro, (2) allege that the prison conditions are a result of a formal municipal policy or custom adopted by the City of New York; and (3) that he has in fact exhausted all available administrative remedies.

Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Dollinger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Defendants filed a timely objection to Magistrate Judge Dollinger's Report, objecting to the recommendation that this Court not grant the motion to dismiss on the separate ground of failure to exhaust administrative remedies. This Court considered the Report and objections and adopts the recommendation to grant the Defendants' 12(b)(6) motion to dismiss for failure to state claims against Commissioner Schriro and the City of New York.

Personal Involvement of Defendant Dora B. Schriro

Magistrate Judge Dollinger properly determined that, even construed liberally, the complaint fails to allege that Defendant Schriro was personally involved in violating Plaintiff's rights. Specifically, Magistrate Judge Dollinger advised that Plaintiff has not alleged that Defendant Schriro was either notified or involved in the challenged conditions of confinement. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (absent personal involvement in a constitutional violation, a defendant cannot be liable under § 1983). The claims alleged personally against Defendant Schriro are DISMISSED.

Municipal Liability Against Defendant City of New York

In his Report, Magistrate Judge Dollinger recommended that the claims against the City of New York also be dismissed. In his complaint, Plaintiff alleges general and specific unsanitary conditions present at the OBCC. Specifically, Plaintiff asserts that birds are in the housing area spreading feces, showers are cleaned only once per month, rodents are coming out of the shower

3

drains and are "everywhere," and that there exists no hot water. The Report advises that Plaintiff has not sufficiently pled that these complaints were brought to the attention of any policymaking official. See Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129 (2d Cir. 2004) ("the inquiry focuses on whether the action . . . is attributable to one of the city's authorized policymakers"). Nor has Plaintiff alleged that the prison conditions are a result of a formal municipal policy or custom adopted by the City of New York. Monell v. New York City Dept. of Social Serv., 436, U.S. 658, 690-91 (2007). The claims against the City of New York and Commissioner Schriro in her official capacity are DISMISSED.

## Conclusion

This Court adopts the Report's recommendation to grant Defendants' 12(b)(6) motion to dismiss the claims against Commissioner Schriro and the City of New York. This case is dismissed.

Dated: April 23, 2012
      New York, New York

SO ORDERED

_____
GEORGE B. DANIELS
United States District Judge

4